IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A. MILTON SHAHEEN AND LAURA, SHAHEEN, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. H-10-4580 |
| ALLSTATE TEXAS LLOYD'S, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

This is a suit to recover insurance proceeds and damages under the Texas Insurance Code, §§ 541.060 and 541.061. The defendants timely removed and filed a verified plea in abatement. (Docket Entry No. 6). The defendants argue that the plaintiffs violated the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. The defendants asked this court to abate the suit until the 61st day after the plaintiffs provide the statutory written notice of their claims under the statute. (Docket Entry No. 7). The plaintiffs responded by arguing that they filed suit on October 1, 2010, and that Allstate received notice of the suit on October 19, 2010, when Allstate was served with process. (Docket Entry No. 10).[1] Alternatively, they argue that the abatement period provided for in the Texas Insurance Code has lapsed. (*Id.*).

---

[1] The plaintiffs contend that they sent a notice letter to Allstate after filing suit. The plaintiffs included, as Exhibit J, a letter describing claims by Mohammad and Amira Khan against Allstate, Civil Action No. 4:10-cv-4593. These are different plaintiffs and this court did not consider the attached letter in determining whether the plaintiffs met the relevant statutory notice provisions.

The Texas Insurance Code requires that before a policy holder files a suit against an insurer, the policy holder must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b).

The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *3 (Tex. App.—San Antonio Mar. 1, 2006) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156 – .159 of the Insurance Code"). After receiving notice of the suit, the defendant insurer has 60 days to make a settlement offer. The defendant insurer's settlement offer must separately state: (1) "an amount of money or other consideration, reduced to its cash value, as settlement of the claim for damages"; and (2) "an amount of money to compensate the claimant for the claimant's reasonable and necessary attorney's fees incurred as of the date of the offer." TEX. INS. CODE § 541.157(1)–(2). If the policy holder rejects the defendant insurer's settlement offer, and, after liability is determined, "the court finds the amount stated in the settlement offer . . . is the same as, substantially the same as, or more than the amount of damages found by the trier of fact," the policy holder may not recover "any amount in excess of the lesser of . . . the amount of damages stated in the offer; or the amount of damages found by the trier of fact." TEX. INS. CODE § 541.159(a). If the court finds the amount stated in the settlement offer is the same as, substantially the same as, or more than the amount of damages, the policy holder's claims for attorney's fees are limited to "the amount of fees stated in the offer," and the policy holder cannot

recover for any attorney's fees incurred after rejecting the settlement offer. TEX. INS. CODE § 541.159(b). The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[2]

If the policy holder fails to provide the required notice, the Texas Insurance Code allows the defendant insurer to abate further proceedings. The defendant insurer "may file a plea in abatement not later than the 30th day after the date the person files an original answer." TEX. INS. CODE § 541.155(a). Abatement is automatic and without court order if the defendant "[verifies]" the plea in abatement, and the plaintiff does not controvert the verified plea before the 11th day after the plea in abatement "beginning on the 11th day after the date a plea in abatement is filed." TEX. INS. CODE § 541.156(c) (emphasis added). The statute provides that if the plaintiff disputes abatement, "[t]he court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice . . . required." TEX. INS. CODE § 541.156(b). In either case, "[a]n abatement . . . continues until the 60th day after the date notice is provided . . . ." TEX. INS. CODE § 541.155(d). If the policy holder provides notice for a period shorter than 60 days before filing suit and the suit is automatically abated, a court does not need to "formally grant another sixty-day abatement" if more than 60 days have passed since the policy holder provided notice. *See In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 178 (Tex. 1999)

---

[2] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

(upholding trial court's decision that formal abatement was unnecessary even though the plaintiffs failed to provide notice 60 days before filing their DTPA suit because the suit was automatically abated and "by the time [the trial court] issued its ruling, more than sixty days had passed since Plaintiffs sent their notices"); *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 610 (N.D. Tex. 2006) (same).

The Texas Insurance Code recognizes an exception if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." TEX. INS. CODE § 541.154(c)(1). Courts have held that "[i]n order to qualify for the exception to the notice requirement because of an impending statute of limitations, a plaintiff must plead and offer some proof that the giving of notice was 'rendered impracticable' by the impending expiration of the limitations period." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005); *see also Camp v. RCW & Co., Inc.*, Civ. A. No. H-05-3580, 2007 WL 1306841(S.D. Tex. May 3, 2007) ("[T]o benefit from this exception, a 'plaintiff must plead and prove that he qualifies for the limitations exception.'" (quoting *Winkle Chevy–Oldsmobile–Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App.—Corpus Christi 1992, writ dism'd)).

In this case, no statutory notice was provided. The plaintiffs argue that the pendency of limitations excuses the requirement. But under the applicable precedent, the plaintiffs must "plead and offer some proof" that giving notice was "rendered impracticable." *See Cleo Bustamante Enters.*, 2007 WL 1306841, at *1 ("Plaintiff has not offered any proof as to why the proper notice, including the amount of economic damages, expenses, and attorneys' fees reasonably incurred, could not have been given 60 days prior . . . ."); *Behr*, 2006 WL 468001, at *2 (abating the plaintiff's suit

even though the plaintiff could not provide notice within the statute of limitations because the plaintiff could identify all named defendants six months before filing suit).

The plaintiffs filed suit in state court on August 16, 2010. They argue in response to the abatement motion that "[t]he statute of limitations in this case cannot be precisely determined, and may run as early as October 2010. If Plaintiffs provided Defendants a 60-day notice before filing, the limitations may have foreclosed Plaintiffs' claims." (Docket Entry No. 10, at 3). But there is no pleading or proof that limitations made the statutory notice "impracticable." Failure to provide notice does not prevent the plaintiff from filing suit or lead to dismissal. Instead, the courts have applied the requirement to abate the suit until the statutory notice requirement is met.

The plaintiffs argue that the state court petition provides notice. But this state court petition provides neither reasonable detail of "the specific complaint" or "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1). The content of the petition do not meet the requirements of the statutory notice.

The motion for abatement is granted. This case is abated until 60 days after the plaintiffs provide written notice to the defendants as required by Texas Insurance Code § 541.154.

SIGNED on March 8, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

5